**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 7:25-CR-30 (WLS-ALS) |
| QUENTIN HALL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is the Defendant's Unopposed Motion to Continue (Doc. 27), filed on February 13, 2026. Therein, Defendant requests a continuance of the pretrial conference in this matter currently scheduled for February 18, 2026, as well as a continuance of the trial in this matter from the specially set March 2026 trial term to the May trial term. (*Id.*) Defendant states that he was arraigned on January 6, 2026, and that the pretrial conference in this matter was noticed shortly thereafter on January 12, 2026. (*Id.*) Defendant further states that discovery was received on January 21, 2026, and that additional time is needed for his counsel to review discovery, discuss the Government's case with him, conduct an investigation, and prepare a defense. (*Id.* ¶ 4). Defendant submits that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Hall in a speedy trial. (*Id.*)

Based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)–(B). Therefore, Defendant's Motion (Doc. 27) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division May 2026 term[1] and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the February 18, 2026 pretrial conference is **CANCELLED**.

---

[1] The Court notes that Defendant's Motion requests a continuance to the "May 18th trial term." (Doc. 27 at 1, 3). In ruling on motions to continue trial, it is the Court's regular practice to continue matters through the next trial term **and its conclusion**. The Court will hear requests from the Parties on their preferred trial start date

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 17th day of February 2026.

/s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

at the pretrial conference. Thus, the Court continues the trial in this case to the May 2026 term and its conclusion. If Defendant believes a longer continuance is necessary, he shall immediately file an objection to this Order, in writing, stating as much.

2